Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Gregory P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust and U.S. Bank National Association, not in its individual capacity but solely as trustee on behalf of Revolving Mortgage Investment Trust 2017-BRQ1

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>P2 OAKLAND CA, LLC DOING BUSINESS AS DBA EAST SF, LLC,<br><br>Debtor(s). | Case No. 23-41186<br><br>Chapter 11<br><br>**OBJECTION TO APPROVAL OF COMBINED PLAN OF REORGANIZATION AND TENTATIVELY APPROVED DISCLOSURE STATEMENT JUNE 12, 2024**<br><br>**HEARING:**<br>Date: July 17, 2020<br>Time: 10:30 a.m.<br>Ctrm: 220<br>Judge: Hon William J. Lafferty |

U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust, holder of a claim secured by the real property located at 1434 34th Avenue, Oakland, CA 94601 ("USB 34th Avenue"), and U.S. Bank National Association, not in its individual capacity but solely as trustee on behalf of Revolving Mortgage Investment Trust 2017-BRQ1, holder of a claim secured by the real property located at 1032-1034 Peralta Street, Oakland, CA 94607 ("USB Peralta") (collectively, "USB"), secured creditors of the above-entitled Debtor, P2 Oakland ("Debtor"), hereby submit this Objection to Approval of Combined Plan of

Reorganization and Tentatively Approved Disclosure Statement June 12, 2024) ("<u>Disclosure Statement</u>" or "<u>Plan</u>"). The basis of the Objection is stated below:

# I.

## STATEMENT OF FACTS

**A. USB P<small>ERALTA</small> C<small>LAIM</small>:**

On or about August 27, 2018, Debtor executed a Promissory Note Secured by Deed of Trust in the principal sum of $904,710.00 (the "<u>Peralta Note</u>"). The Note is secured by a recorded Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "<u>Peralta Deed of Trust</u>") encumbering the real property located at 1032-1034 Peralta Street, Oakland, CA 94607 (the "<u>Peralta Property</u>"). The Peralta Note matured on June 1, 2021 and is fully due and payable. The Peralta Note is a short-term construction loan currently accruing default interest.

On November 21, 2023, USB Peralta filed a secured Proof of Claim against Debtor's bankruptcy estate reflecting a total claim amount of $1,204,316.26 (the "<u>Peralta POC</u>").

On December 18, 2023, upon motion be USB Peralta, the Court entered an Order Granting Motion for Relief from Automatic Stay authorizing USB Peralta to complete a foreclosure of the Peralta Property. As of today's date, the foreclosure of the Peralta Property has yet to be completed.

**B. USB 34<small>TH</small> A<small>VENUE</small> C<small>LAIM</small>:**

On or about March 13, 2018, Debtor executed a Promissory Note Secured by Deed of Trust in the principal sum of $521,800.00 (the "<u>34th Avenue Note</u>"). The Note is secured by a recorded Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "<u>34th Avenue Deed of Trust</u>") encumbering the real property located at 1434 34th Avenue, Oakland, CA 94601 (the "<u>34th Avenue Property</u>"). The 34th Avenue Note matured on October 1, 2023 and is fully due and payable. The 34th Avenue Note is a short-term construction loan currently accruing default interest.

On January 16, 2024, USB 34th Avenue filed a secured Proof of Claim against Debtor's bankruptcy estate reflecting a total claim amount of $653,019.44 (the "<u>34th Avenue POC</u>").

C. **THE BANKRUPTCY CASE:**

On September 19, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California – Oakland Division and was assigned bankruptcy case number 23-41186.

On June 12, 2024, Debtor filed its Disclosure Statement, which contains the following relevant information as it pertains to the USB claims:

- Debtor is proposing to re-amortize the claim amounts (balances as of the Debtor's petition date) over 360 months at 8.5% interest per annum;
- Neither the Peralta Property nor 34th Avenue Property generate any rental income;
- The Debtor proposes to fund the Plan via $12,000 monthly capital contributions from Bruce Loughridge ("BL"), Debtor's Responsible Individual.

For the reasons set forth below, USB respectfully submits this Objection to Debtor's Disclosure Statement.

## II.

## ARGUMENT

A. **DEBTOR'S DISCLOSURE STATEMENT FAILS TO CONTAIN ADEQUATE INFORMATION AS REQUIRED BY 11 U.S.C. § 1125(a)(1)**

1. **Legal Standard**

Title 11 U.S.C. § 1125(b) provides that acceptance or rejection of a proposed plan of reorganization may not be solicited unless the holder of a claim or interest to whom the solicitation is made is provided with the proposed plan or summary thereof and "a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. §1125(b). To approve a disclosure statement, the court must first determine that it contains "adequate information." *In re Unichem Corp.,* 72 B.R. 95, 96 (Bankr. N.D. Ill. 1987).

Adequate information means that the disclosure statement must clearly and succinctly inform the average creditor "what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991). "Adequate information" is information of a kind, and in sufficient detail, to enable a

"hypothetical investor" typical of the holders of claims and interests in a case to make an informed judgment about the Plan. 11 U.S.C. § 1125(a)(1).

Relevant factors in evaluating the adequacy of a disclosure statement include: (1) the events which led to the filing of the bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of the information contained in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors in a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expense, including attorneys' and accountants' fees; (13) the collectability of accounts receivables; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates. *In re Metrocraft Publishing Services, Inc.,* 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

In the present case, the Debtor's Disclosure Statement does not contain adequate information to allow Debtor's creditors to make an informed decision whether to vote for or against the Plan. The Debtor's Disclosure Statements indicates the Plan will be funded via capital contributions of BL. However, there is no evidence in the Disclosure Statement related to BL's financial viability and/or commitment in the form of a declaration. Further, there is no information in the Disclosure Statement related to: (1) the status of the construction of the Peralta and 34th Avenue Properties; (2) how any additional construction expenses will be funded (if applicable); (3) the estimated timeframe for when the Peralta Property and 34th Avenue Property will start generating rental income; and (4) what are the estimated monthly payments for taxes and insurance on the Peralta Property and 34th Avenue Property. For these reasons, the Debtor's Disclosure Statement fails to provide adequate information and must be denied approval.

## B. THE APPROVAL OF THE DEBTOR'S DISCLOSURE STATEMENT MUST BE DENIED AS THE DEBTOR'S PLAN IS PATENTLY UNCONFIRMABLE

### 1. Legal Standard

The Court may refuse to permit solicitation of a plan acceptances if, based on the proposed disclosure statement, it were to determine that the proposed plan violates applicable provisions of the Bankruptcy Code. In re Beyond.com Corp., 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); In re Main Street AC, Inc., 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999). "If, on the face of the plan, the plan could not be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking confirmation." In re Pecht, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986); see also, In re Cardinal Congregate I, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) (disapproval of the adequacy of a disclosure statement may be appropriate "where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible."). In order for a plan to be confirmed, the plan proponent bears the burden of proof with respect to each and every element of Bankruptcy Code § 1129(a).

### 2. The Plan is Not Fair and Equitable with Respect to the USB Claims

Debtor is proposing to reamortize the fully matured USB claims over new thirty (30) year terms. However, the USB claims are commercial, construction loans that originally had two (2) year terms. The Plan's proposal to re-amortize these claims over thirty (30) year terms is more common for a residential loan and not for a commercial loan. In other words, the Plan is seeking to restructure the USB claims in a way that is dramatically different than the underlying nature of its security interest solely because the Debtor needs a longer amortization period to reduce the monthly payment. USB submits this Plan proposal fails to satisfy the "fair and equitable" requirement set forth in 11 U.S.C. § 1129(b)(2). "A plan of reorganization cannot unfairly shift the risk of a plan's failure to the creditor. The bankruptcy court must make specific findings and conclusions whether the plan unfairly shifts such failure risk." *In re Monarch Beach Venture, Ltd.,* 166 B.R. 428, 436 (C.D. Cal. 1993). By comparison, Debtor's Plan is proposing to pay the unsecured creditors over a period of sixty (60) months and administrative claims on the Plan's effective date, both of which are aligned with fair and equitable treatment for those class types.

Debtor's proposed treatment of the USB claims is tantamount to stretching a vehicle loan over thirty (30) years, which obviously is not a market term for a vehicle loan. In USB's case, Debtor's efforts to completely change the structure of the underlying debt in an effort to establish a feasible plan unfairly shifts the risk of the plan's failure onto to USB. This issue is further exasperated by the fact that Debtor does not generate any income and is proposing to fund the Plan via contributions from BL. It would be virtually impossible for a grade A borrower outside of bankruptcy with significant equity to obtain a thirty (30) year loan modification of a commercial loan; yet that is exactly what this Debtor is proposing who is admittedly not generating any income to speak of and has little to no equity in any assets. For all of these reasons, Debtor's Plan's treatment of the USB claims is not fair and equitable and USB respectfully requests the Disclosure Statement be denied approval.

**3.  The Debtor's Plan is Not Feasible**

Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section as stated within the Second Circuit decision of Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman), 585 F.2d, 1171, 1179 (2nd Cir. 1978), wherein the Court stated:

> Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honest, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

The Ninth Circuit is consistent in determining whether a Plan meets the requirements of Section 1129(a)(11), wherein it stated, "the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985).

The Ninth Circuit has interpreted feasibility to mean that the plan has a "reasonable probability of success." In re Acequia, Inc., 787 F.2d 1352, 1364-65 (9th Cir. 1986). Furthermore, a debtor must present evidence that it can reasonably accomplish what is promised in the plan, and

has more than just a hopeful "wing and a prayer." In re North Valley Mall, LLC 432 B.R. 825, 838 (Bankr. C.D. Cal. 2010).

In this case, there is a total absence of a reasonable likelihood of rehabilitation. Debtor does not generate any income. Further, the Debtor's two primary assets (Peralta Property and 34th Avenue Property) do not generate any rental income and do not appear to be in a rentable state. As a result, the Plan proposes that BL will contribute $12,000 per month to fund the same without providing any proof of his financial ability to do the same. Moreover, the Plan's feasibility is premised on numerous factors all aligning, each of which are flawed. A brief discussion of these factors is below:

- Debtor proposes to reamortize USB's commercial, construction loans over 30 years despite the fact that the original terms were 2 years;

- Debtor is proposing a 8.5% interest rate (which is the current prime rate) and negates the prime plus formula under *In re Till* which could easily push the interest rate up another 3% based on the significant risk associated with this Debtor (the current default rate on these loans is 24%);

- Debtor is proposing to make a combined payment to USB in the amount of $14,281.32 ($5,021.16 + $9,260.16). However, BL is only proposing to contribute $12,000.00 (which already creates a short fall) and the Plan's proposed monthly payments on the USB claims do not factor in any amounts for taxes. A review of the Peralta POC and 34th Avenue POC payments reflects USB has made taxes advances for both claims due to Debtor's failure to pay the same.

Put simply, the Plan is premised on unconfirmable treatment of the USB claims and, even if accepted by this Court, is infeasible on its face. For all of these reasons, the Disclosure Statement must be denied approval.

/././

/././

/././

/././

- 7 -
CASE NO. 23-41186

# III.
# CONCLUSION

For all of the reasons set forth more fully above, USB respectfully requests the Court deny approval of Debtor's Disclosure Statement and for this case to be dismissed.

WHEREFORE, USB respectfully requests:

1. That approval of the Debtor's Disclosure Statement be denied; and
2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: July 10, 2024

/s/ *Christopher M. McDermott*
Christopher M. McDermott (SBN 253411)
Attorneys for Creditor U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust and U.S. Bank National Association, not in its individual capacity but solely as trustee on behalf of Revolving Mortgage Investment Trust 2017-BRQ1

| | |
|---|---|
| 1 | Christopher M. McDermott (SBN 253411)<br>cmcdermott@aldridgepite.com |
| 2 | Greg P. Campbell (SBN 281732)<br>gcampbell@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP**<br>3333 Camino del Rio South |
| 4 | Suite 225<br>San Diego, CA 92108 |
| 5 | Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385 |
| 6 | |
| 7 | Attorneys for Creditor<br>U.S. Bank National Association, not in<br>its individual capacity but solely as |
| 8 | trustee for Plaza RTL Trust and U.S.<br>Bank National Association, not in its |
| 9 | individual capacity but solely as trustee<br>on behalf of Revolving Mortgage Investment |
| 10 | Trust 2017-BRQ1 |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 23-41186 |
| P2 OAKLAND CA, LLC DOING BUSINESS AS DBA EAST SF, LLC, | Chapter 11 |
| Debtor. | **PROOF OF SERVICE** |

I, Lauren Timby, declare that:

I am employed by Aldridge Pite, LLP. My business address is: 3333 Camino del Rio South, Suite 225, San Diego, CA 92108. I am over the age of eighteen years and not a party to this cause.

On July 10, 2024, I caused the following documents:

**OBJECTION TO APPROVAL OF COMBINED PLAN OF REORGANIZATION AND TENTATIVELY APPROVED DISCLOSURE STATEMENT JUNE 12, 2024**

to be served in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, and/or via electronic means pursuant to Bankruptcy Local Rule 9013-3(c) as follows:

/././

/././

**DEBTOR**
P2 Oakland CA, LLC doing business as dba East SF, LLC
1112 Peralta Street
Oakland, CA 94607
(Via U.S. Mail)

**DEBTOR'S ATTORNEY**
Kevin Tang
Tang & Associates
17011 Beach Blvd
Suite 900
Huntington Beach, CA 92647
tangkevin911@gmail.com
(Via NEF)

**TRUSTEE**
Mike Chow
mike.chow@usdoj.gov
(Via NEF)

**U.S. TRUSTEE**
U.S. Trustee
Department of Justice
USTPRegion17.OA.ECF@usdoj.gov
(Via NEF)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2024        /s/ Lauren Timby
                            LAUREN TIMBY