Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Greg P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for Movant
U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>P2 OAKLAND CA, LLC DOING BUSINESS AS DBA EAST SF, LLC,<br><br>Debtor. | Case No.23-41186-WJL<br><br>Chapter 11<br><br>R.S. No. CM-024<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date:   August 28, 2024<br>Time:   9:30 A.M.<br>Place:  1300 Clay St., Ctrm. 220<br>            Oakland, CA  94612 |

U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust ("Movant") submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

## I.    STATEMENT OF THE ISSUE

Whether Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

## II.    FACTUAL AND PROCEDURAL SUMMARY

NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for (Movant). In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a

foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

On or about March 13, 2018, P2 Oakland CA, LLC ("Debtor") executed a Promissory Note Secured by Deed of Trust in the principal sum of $521,800.00 (the "Note"), which was made payable to Conventus LLC. (*See* Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**). The original maturity date was April 1, 2020. The maturity date was extended by agreement of the parties to October 1, 2023.

The Note is secured by a recorded Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Deed of Trust") encumbering the real property located at 1434 34th Avenue, Oakland, CA 94601 (the "Property").[1] (*See* Declaration, **Exhibit B**).

Movant currently holds possession of the Note, which is indorsed and payable in blank. (*See* Declaration).

The Deed of Trust was assigned to Movant. (*See* Declaration, **Exhibit C**).

On September 19, 2023, commenced the instant case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

Movant agreed to a (9) month extension of the maturity date until October 1, 2023, and payments were moved to the end of the loan. (*See* Declaration, **Exhibit D**).

The Note matured on October 1, 2023. Therefore, the entire balance of the loan is due.

As of July 8, 2024, the estimated payoff owing under the Note is the approximate sum of $819,492.52.[2*] (*See* Declaration).

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."
[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.
*As of July 8, 2024, the total unpaid principal balance is $570,446.72, which includes an interest-bearing principal balance of $521,800.00 and a deferred non-interest bearing principal balance of $48,646.72. As of July 8, 2024, the total interest is $217,886.67, which includes an interest bearing balance of $38,923.52, a deferred non-interest bearing balance of $62,032.99 and a default interest of $116,930.16.

## III. LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2)**

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have any equity in such property; and
>
> (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980)(emphasis added).

Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $782,000.00.[3]

Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $782,000.00 |
| Less: | |
| Movant's Trust Deed | $819,492.52 |
| Costs of Sale (8%) | $62,560.00 |
| **Equity in the Property:** | **($100,052.52)** |

---

[3] Copies of the Debtor's Schedules "A/B" and "D" are collectively attached hereto as **Exhibit A** and incorporated herein by reference.

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and there is no prospect of a successful reorganization in this case, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

B. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §S 362(D)(1)**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, the Loan fully matured on October 1, 2023, and Debtor has failed to provide any evidence that would suggest the Debtor can successfully complete construction on the Property to sell the same and pay Movant in full. Moreover, the facts detailed herein reflect that Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

/././

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

6. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: August 5, 2024

/s/
CHRISTOPHER M. MCDERMOTT
Attorneys for Movant U.S. Bank National Association, not in its individual capacity but solely as trustee for Plaza RTL Trust